**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:**

ADVANCED GENERIC CORP.,

      Plaintiff

vs.

SORTER PHARMACEUTICAL,
DELIZ PHARMACEUTICAL CORP.,
NOVIS PR, INC., SEYER
PHARMACAL INC., DOMEL
LABORATORIES, INC.,
INTERNATIONAL ETHICAL
LABS, INC., PUERTO RICO
COLLEGE OF PHARMACISTS,
JULIE HURTADO, in her individual capacity
and as President of the Puerto Rico
College of Pharmacists, and ANA VELEZ,
in her individual capacity and as the President
of the Committee on Legislation for the Puerto
Rico College of Pharmacists.

      Defendants.
_____/

**COMPLAINT**

TO THE HONORABLE COURT:

      COMES NOW Plaintiff, Advanced Generic Corp. ("AGC"), through its undersigned

counsel, and respectfully alleges, states, and prays:

**I.  Nature of this Action**

      This is an action for injunctive relief and damages against Defendants, arising from an

illegal horizontal group boycott intended to shield the market for certain drug products in the

Commonwealth of Puerto Rico from price competition by AGC by (1) illegally conspiring to

deny AGC access to the Puerto Rico market; (2) by organizing a concerted and complete refusal to deal with drug wholesalers in Puerto Rico who deal with AGC; (3) inducing the Puerto Rico College of Pharmacists, an entity created by Puerto Rico law, to issue an unlawful and *ultra vires* letter defaming AGC and falsely claiming that AGC products cannot be sold in Puerto Rico; (4) engaging in a concerted and continuous campaign of false and misleading statements regarding AGC and its products, doing severe damage to AGC's business and reputation; (5) tortuously interfering with existing AGC business relationships; and (6) adversely affecting AGC's relationships with its clients by interference and by false statements about AGC. All of these activities are in violation of Section 1 of the Sherman Act, 15 U.S.C. § 12.  Because the violations of the Sherman Act have injured AGC in its business, compensation in the form of an award of treble damages is sought under Section 4 of the Clayton Act, 15 U.S.C. § 15. Furthermore, because the continuing violation of Section 1 of the Sherman Act threatens to further injure plaintiff's business, preliminary and permanent injunctive relief is sought under Section 16 of the Clayton Act, 15 U.S.C. § 26.

In addition, this action seeks injunctive relief and damages for violation of the Lanham Act, 15 U.S.C. § 1125. The Defendants, acting in concert and in furtherance of their illegal conspiracy and horizontal group boycott, induced the state defendants, the Puerto Rico College of Pharmacists, its President Julie Hurtado and Ana Velez, its President of the Committee on Legislation, to issue a letter falsely representing the nature of AGC products, as well as those of the defendant drug companies.

In addition, this action seeks injunctive relief and damages against Defendants the Puerto Rico College of Pharmacists, an entity created by Puerto Rico law, Julie Hurtado, its President,

in her official and individual capacity, and Ana Velez, its President of the Committee on Legislation, in her official and individual capacity, under Section 42 U.S.C. § 1983, for interfering with AGC's constitutional right to engage in interstate commerce.

## II. Jurisdiction

1.      Because the Complaint alleges that the defendants have violated Section 1 of the Sherman Act, 15 U.S.C. §§ 12 and 13, the jurisdiction of this Court is based upon Section 4 of the Clayton Act, 15 U.S.C. § 16, which provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States."

2.      Because the complaint alleges violations of the Lanham Act, the Court's jurisdiction is also based on 15 U.S.C §§ 1116 and 1117.

3.      Because the complaint alleges violations of 42 U.S.C. § 1983, the Court's jurisdiction is also based on 42 U.S.C. §§ 1983 and 1988.

4.      The Court's jurisdiction is also based upon 28 U.S.C. § 1337(a), which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." This Court also has ancillary jurisdiction over the claims in this Complaint, pursuant to 28 U.S.C. § 1367(a), for the other claims are so related to the federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      The Court's jurisdiction is also based upon 28 U.S.C. § 1331, which grants federal courts original jurisdiction over any action arising under the laws of the United States.

### III.    Venue

6.    Venue is proper in this judicial district under Section 12 of the Clayton Act, 15 U.S.C. § 22, and Section 1391(c) of Title 28, in that the defendants' anti-competitive conduct was aimed at, and had its effect in, the Southern District of Florida.

### IV.    The Parties

#### The Plaintiff

7.    Plaintiff AGC is incorporated in the State of Florida and has its principal place of business in Miami, Florida. The corporation is engaged in the business of marketing and selling drug products in the State of Florida.

#### The Drug Company Defendants

8.    Upon information and belief, Defendant Sorter Pharmaceutical is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. Sorter's principal business is the sale of drug products.

9.    Upon information and belief, Defendant Deliz Pharmaceutical Corporation is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. Deliz's principal business is the sale of drug products.

10.    Upon information and belief, Defendant Domel Laboratories, Inc. is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. Domel's principal business is the sale of drug products.

11.    Upon information and belief, Defendant Seyer Pharmacal Inc. is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. Seyer's principal business is the sale of drug products.

– 4 –

12.     Upon information and belief, Defendant Novis P.R. Inc. is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. Novis' principal business is the sale of drug products.

13.     Upon information and belief, Defendant International Ethical Labs, Inc. is a Puerto Rico corporation and has its principal place of business in the Commonwealth of Puerto Rico. International Ethical Lab's principal business is the sale of drug products.

**The Commonwealth Defendants**

14.     Defendant Puerto Rico College of Pharmacists is an association created by the laws of Puerto Rico and has its principal place of business in the Commonwealth of Puerto Rico.

15.     Defendant Julie Hurtado is the President of the Puerto Rico College of Pharmacists. She is a citizen of the Commonwealth of Puerto Rico.

16.     Defendant Ana Velez is the President of the Committee on Legislation of the Puerto Rico College of Pharmacists. She is a citizen of the Commonwealth of Puerto Rico.

**V.     Allegations of Fact Common to all Causes of Action**

**The Illegal Conspiracy And Horizontal Group boycott**

17.  The relevant geographic market for purposes of the antitrust analysis in this case is the island of Puerto Rico, because AGC and the defendant drug marketers sell their products to drug wholesalers located in the Commonwealth of Puerto Rico.

18.     The relevant product market is prescription drug products in Puerto Rico not subject to Food and Drug Administration approval.

19.  Until recently, AGC was selling its products in Miami, Florida to drug wholesalers servicing the Puerto Rico market.

20.  In reaction to this success, the drug company defendants met and agreed to execute an illegal horizontal group boycott of any drug wholesaler who purchased products from AGC.

21.    In furtherance of this illegal conspiracy, the drug company defendants have communicated with Puerto Rico drug wholesalers and threatened to withhold their products from the Puerto Rico drug wholesalers unless they refused to deal with AGC.

22. The Puerto Rico drug wholesalers have acceded to these threats. Thus, AGC has been denied access to a facility or market necessary to enable AGC to compete for sales to Puerto Rico drug wholesalers.

23. After having sales of upwards of $200,000 in the month of November to Puerto Rico drug wholesalers, AGC has had limited sales to Puerto Rico drug wholesalers in December 2009 and January 2010.

24.  The motivation for the illegal group boycott that has led to the refusal to deal with AGC was AGC's lower price levels, which was putting downward pressure on the drug company defendants' profit margins on their sales. The decision was consciously intended to reward the defendant drug companies by protecting them from price competition. The defendant drug companies in aggregate represent a much larger share of the market than does AGC.

25.  The defendant drug companies' illegal conspiracy and group boycott which led to the decision of Puerto Rico drug wholesalers to refuse to deal with AGC has had a direct, substantial, and foreseeable effect both upon domestic U.S. commerce and U.S. import trade.

**The False Representations in Violation of The Lanham Act**

26.    The Defendants have engaged in a campaign of false and damaging misrepresentations regarding AGC and its products.

27.     At the behest of the defendant drug companies, defendants College of Pharmacists, Julia Hurtado and Ana Velez caused a letter to be prepared and circulated that falsely stated that AGC products could not be sold in Puerto Rico as alternatives to other products.

28.     These representations were willfully and deliberately false and were intended to further the illegal horizontal group boycott by the defendant drug companies.

**The Actions by the Puerto Rico College of Pharmacists and its Officials Designed to Interfere with AGC's Right to Engage in Interstate Commerce**

29.     The actions of the Puerto Rico College of Pharmacists and its officials, Julia Hurtado and Ana Velez, were designed to and have interfered with AGC's right to engage in interstate commerce by selling its products to Puerto Rico drug wholesalers.

**VI.     Causes of Action**

   **A.     Count One: Illegal Conspiracy and Horizontal Group Boycott, in Violation of Section 1 of the Sherman Act**

30.   The allegations contained in paragraphs 1 through 29 are incorporated herein by reference.

31.   The purpose and effect of the defendant drug manufacturer's illegal conspiracy and horizontal group boycott agreement was to eliminate price competition for their products.

32.   Puerto Rico drug wholesalers acceded to the horizontal group boycott. Consequently, the Puerto Rico drug wholesalers have refused to deal with AGC, as a result of its lower priced products.

33.   The refusal to deal resulting from the defendant drug companies' illegal horizontal group boycott resulted from a scheme concocted by the defendants to artificially maintain a

higher price for drug products in the Puerto Rico market.

34.  As a direct result of the actions of the defendants, AGC has suffered a loss of income of not less than $200,000.00.

35.  Also, as a direct result of defendants' actions, AGC has suffered a loss of reputation and business goodwill, estimated at no less than $1,000,000.00, because of the damage to its reputation caused by false statements and allegation made by the defendants.

> **B.     Count Two: Violation of the Lanham Act**

36.  The allegations contained in paragraphs 1 through 35 are incorporated herein by reference.

37.  In furtherance of the scheme to pressure Puerto Rico drug wholesalers to refuse to deal with AGC, the Defendants engaged in a scheme to make false and misleading statements regarding AGC and its products. Specifically, at the behest of the defendant drug companies, defendants College of Pharmacists, Julia Hurtado and Ana Velez caused a letter to be prepared and circulated that falsely stated that AGC products could not be sold in Puerto Rico as alternatives to other products.

38.  As a direct result of the false and misleading statements made by the Puerto Rico College of Pharmacists, through its officials Julie Hurtado and Ana Velez, AGC has suffered damages and a loss of business goodwill, estimated at no less than $1,000,000.00.

> **C.     Count Three: Violation of 42 U.S.C § 1983 – Interference with AGC's Right to Engage in Interstate Commerce**

39.  The allegations contained in paragraphs 1 through 38 are incorporated herein by reference.

40.  The Puerto Rico College of Pharmacists was created by Puerto Rico law (20 Laws of

Puerto Rico Annotated § 431 et seq.) Thus, the Puerto Rico College of Pharmacists and its officials are state actors and act under color of state law.

41.  The Puerto Rico College of Pharmacists, through its officials, Julie Hurtado and Ana Velez, and at the behest of the drug company defendants, have acted to interfere with AGC's right to engage in interstate commerce, as guaranteed by the United States Constitution.

42.  The actions of the Puerto Rico College of Pharmacists and its officials, Julie Hurtado and Ana Velez, violate 42 U.S.C. § 1983.

43.  AGC has suffered directly from these actions. AGC has suffered a loss of income and business goodwill, estimated at no less than $1,000,000.00.

**VII. Demand for Jury Trial**

44. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff AGC hereby respectfully demands a jury trial.

**VIII. Prayer for Relief**

45.   Plaintiff AGC respectfully requests that this Court issue preliminary and permanent injunctions ordering Defendants to cease their horizontal group boycott, ordering Defendants to cease and desist from engaging in the unfair and anti-competitive conduct described herein and ordering Defendants the Puerto Rico College of Pharmacists, Julie Hurtado and Ana Velez to cease their actions that interfere with AGC's right to engage in interstate commerce.

46.   AGC also requests that this Court award AGC compensation against the defendants in the form of treble damages, as well as costs and reasonable attorneys' fees for Count 1, its damages for Count 2 and its damages for Count 3.

47.    Finally, AGC requests that this Honorable Court grant it any other remedy that it deems appropriate.

Dated: February 1, 2010.

Respectfully submitted,

Aileen Gelpi
Fla. Bar No. 61665
Law Office of Aileen Gelpi, Esq.
4440 PGA Blvd, Suite 600
Palm Beach Gardens, FL 33410
Tel./Fax: (561) 624-1345
aileen.gelpi@gmail.com
Attorneys for Plaintiff Advanced Generic Corp.